**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| STATE OF OHIO, | Case No. 1:19-cv-837 |
| Plaintiff, | |
| | Barrett, J. |
| v. | Bowman, M.J. |
| CHARLES HORTON, | |
| Defendant. | |

**REPORT AND RECOMMENDATION**

On October 3, 2019, Defendant Charles Horton initiated two new cases in this Court by filing separate *pro se* Notices of Removal.[1] By separate Order issued this date, Mr. Horton has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of Mr. Horton's Notice of Removal and documents submitted in support of removal to determine whether the Court has jurisdiction over this matter. See 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3).

**I.     Background and Analysis**

The undersigned takes judicial notice of the fact that more than two years ago, Mr. Horton previously filed a substantially similar (and wholly improper) Notice of Removal in Case No. 1:17-cv-403-TSB-SKB.

As in the prior case, there is absolutely no basis for federal jurisdiction in this case. Section 1441 provides in relevant part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and

---

[1] *See also State of Ohio v. Horton*, Case No. 1:19-cv-838-MRB-SKB.

1

division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In other words, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Defendant carries the burden of showing that removal is proper and that this Court has original jurisdiction. *See Village of Oakwood v. State Bank and Trust Co.*, 539 F.3d 373, 377 (6th Cir. 2008). Where jurisdiction is in doubt, the matter should be remanded to state court. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

Despite being filed as a civil action, Mr. Horton's recent Notice of Removal makes clear that he seeks to remove a pending state court criminal action that is being prosecuted against him in the State of Ohio. In the above-captioned case, Mr. Horton alleges that he was unlawfully arrested when he was issued one or more traffic citations on or about July 13, 2019 in Mount Healthy Township.[2] (Doc. 1-1 at 6-7). Because the instant case is so similar to Mr. Horton's prior case, the undersigned can do no more than reiterate her prior analysis:

> Section 1446 provides the procedures for removing a case. When a criminal case is removed from a state court, the federal court must promptly review the notice of removal. 28 U.S.C. § 1446(c)(4). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). Section 1443(1) allows a criminal prosecution commenced in state court to be removed to federal court if a defendant "is denied or cannot enforce in the courts of such State a right under a law providing for . . . equal civil rights." Under this provision "it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (internal citations omitted). The laws justifying removal under § 1443(1) are limited to those guaranteeing racial equality.

---

[2] Mr. Horton alludes to an "Attachment" that purports to be the referenced traffic violation ticket. Although the attached traffic citation was included in Case No. 1:19-cv-838, no similar attachment was included in the above-captioned case.

> *See Georgia v. Rachel*, 384 U.S. 780, 786-94 (1966).
>
> In addition, removal under 28 U.S.C. § 1443(1) is limited to those persons who are unable to enforce their right to racial equality because of some formal expression of state law. *Rachel*, 384 U.S. at 803. "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Johnson*, 421 U.S. at 219. Nor do claims that a defendant "will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1)." *Id.* Mr. Horton has made no claims of racial inequality related to his removal petition and asserts generally that his arrest was unlawful.
>
> Moreover, Mr. Horton has failed to identify any policy of the law of the State of Ohio that denies him the right to equal treatment on account of [his] race. Accordingly, the Court is without removal jurisdiction under section 1443(1). Nor is Mr. Horton entitled to removal under § 1443(2) which permits removal "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2). Removal under section 1443(2) is available only to federal officers or state officers and persons assisting them in the performance of their duties. *See City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966). Defendant does not allege that he is a federal or state officer falling within the protection of this statute. The Court finds that the stated basis for defendant's removal in this case is deficient and that the Court lacks jurisdiction over this case. This matter clearly falls within the jurisdiction of the state courts and not the federal district court.

(Doc. 6, Report and Recommendation ("R&R") filed on 7/17/17 in Case No. 1:17-cv-403). In the prior R&R, the undersigned recommended that Mr. Horton's case be dismissed and remanded to the state court based upon the lack of federal jurisdiction. The prior R&R was adopted as the decision of the Court on October 30, 2017. (*See* Doc. 7 in Case No. 1:17-cv-403).

Although the undersigned reaches the same conclusion and again recommends dismissal of the above-captioned case for lack of federal jurisdiction, Mr. Horton's improper conduct in filing two more improper Notices of Removal, on virtually identical

facts, requires the undersigned to consider the issue of sanctions. This Court has sanctioned other *pro se* litigants proceeding *in forma pauperis* who have engaged in similar conduct, by filing multiple improper Notices of Removal on the same or similar facts after being clearly informed by this Court that no federal jurisdiction existed. Both published and unpublished case law confirm that a monetary sanction may be appropriate against even a *pro se* Defendant who proceeds *in forma pauperis*, when removal is based on such frivolous grounds as those asserted here. *See, e.g., Chase Manhattan Mortg. Corp. v. Smith*, 910 F.2d 910 (6th Cir. 2007) (imposing costs and fees in the amount of $6513.16 despite grant of *in forma pauperis* status in federal court, and fact defendants had filed for bankruptcy); *see also 3W International, Inc. v. Scottdel, Inc.*, 722 F. Supp.2d 934 (N.D. Ohio 2010) (awarding fees where attorney had no improper purpose and believed in good faith that removal was proper, because removal was still objectively unreasonable); *Countrywide Home Loans, Inc. v. Bartmasser*, Case No. 2:08-cv-805, 2009 WL 4678840 (S.D. Ohio Oct. 22, 2008) (directing plaintiff to file a motion for fees accompanied by an itemized accounting of fees and costs incurred in connection with the motion of remand, in light of lack of "objectively reasonable basis" and "clear prohibition" of removal of mortgage foreclosure case); *Federal Nat. Mortg. Ass'n v. Jaa*, 2014 WL 1910898 at *9 (W.D. Tenn. May 13, 2014) (awarding reasonable attorney's fees against *pro se* defendant proceeding *in forma pauperis* who improperly removed foreclosure-related case, noting that "[t]he court can only surmise that [defendant's] removal is intended to delay the state court proceedings."); *PNC Bank, N.A. v. Spencer*, 763 F.3d 650 (7th Cir. 2014) (affirming award of costs and attorney fees to mortgagee for improper removal of mortgagee's foreclosure action, including expense of defending that award on

4

appeal); *Deutsche Bank Nat'l Trust Co., v. Wolf*, Case No. 1:15-cv-814 (Doc. 19, August 24, 2016).

Because Mr. Horton has repeatedly cited the same frivolous grounds for improper removal of three separate cases to this Court, a monetary sanction would be justified. However, the State of Ohio has not yet appeared, and therefore has not yet suffered damages from the improper removal. Still, both the public and this Court have suffered the expenditure of scarce judicial resources over yet another frivolous removal. Thus, as a matter of judicial discretion and because Mr. Horton has deliberately flouted this Court's prior ruling by filing two additional improper Notices of Removal based upon the same fact pattern, the undersigned recommends that Mr. Horton be warned in the strongest possible terms that he may be subjected to future non-monetary sanctions, <u>as well as monetary sanctions</u>, if he continues vexatious filings in this federal court. This includes any future attempt to again improperly remove actions from state court to federal court.

**II.     Conclusion and Recommendation**

Accordingly, for the reasons expressed above, **IT IS RECOMMENDED THAT:**

1. This action be **DISMISSED** as improperly removed, and for lack of subject matter jurisdiction;

2. That Mr. Horton be warned in the strongest possible terms, based on his pattern of filing frivolous Notices of Removal, that he may be subjected to future sanctions if he makes any future attempt to improperly remove actions from state court to federal court;

3. That the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation

would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis.*

                                         *s/ Stephanie K. Bowman*
                                         Stephanie K. Bowman
                                         United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| STATE OF OHIO, | Case No. 1:19-cv-837 |
| Plaintiff, | |
| | Barrett, J. |
| v. | Bowman, M.J. |
| CHARLES HORTON, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).